No. 28,244.

THE STATE OF KANSAS, ex rel. MRS. BLANCHE WILBUR, *Appellee,*
v. C. W. HATFIELD, *Appellant.*

(270 Pac. 589.)

Opinion filed October 6, 1928.

*Fred Hinkle,* of Wichita, for the appellant.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, *William J. Wertz,* county attorney, *Wilmer B. Harms,* deputy county attorney, and *Edward H. Jamison,* of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: Defendant was found to be the father of relatrix's bastard child, and an appropriate judgment was rendered. Defendant appeals.

The proceeding was instituted by complaint of the relatrix, filed in the city court of Wichita. The document was entitled, "The State of Kansas, Plaintiff, vs. C. W. Hatfield, Defendant." Warrant was issued and served, a hearing was had, and defendant was required to give recognizance to appear in the district court to abide its orders. An information was duly filed in the district court which bore the same title as the complaint. Defendant filed a motion to quash, a plea in abatement, and a demurrer, all on the ground the action could not be prosecuted by the state alone, but must be prosecuted by the state on the relation of the prosecuting witness. The county attorney asked leave to amend the title of the information by inserting after the words "The State of Kansas" the words "on the relation of Mrs. Blanche Wilbur." Leave to amend was granted, the title was amended accordingly, the motion and plea were denied, and the demurrer was overruled. The statutory period within which the prosecution could be commenced expired after the information was filed and before the amendment was made. Motions for judg-

ment notwithstanding the verdict and for a new trial were filed and denied.

The defendant concedes the action was a civil action. The state concedes the statute pertaining to illegitimate children prescribes the procedure for prosecution of the action, and to the extent the procedure is prescribed it must be followed. The defendant quotes the following provisions of the statute:

"The prosecution shall be in the name of the state of Kansas, on the relation of the prosecuting witness; but the rules of evidence and the competency of witnesses shall be the same as in civil cases." (R. S. 62-2303.)

"No prosecution under this act shall be instituted after two years from the birth of such bastard child." (R. S. 62-2317.)

The contention is the prosecution was not in the name of the state on the relation of the prosecuting witness until the amendment was made. Therefore, the prosecution was not instituted until the information was amended, which was too late.

Section 62-2303 of the Revised Statutes appears in the portion of the bastardy act relating to the hearing of the initial complaint. It is literally true, first, that the prosecution was in the name of the state; and second, that the prosecution was in fact on the relation of the prosecuting witness. If the defendant desires the case to be ruled by technicality, the words of the statute were satisfied. The statute, however, contemplated the title of the case should be formally correct throughout the prosecution. Outside of cities having a city court, such prosecutions are commenced by complaint filed before a justice of the peace. In cities having a city court, the city court has the jurisdiction of a justice of the peace. Informalities frequently occur, and the amendment which the court allowed was specifically provided for in this way: The bastardy act contains the following provision:

"The trial and proceedings of such prosecution, both before the justice and in the district court, shall in all respects not herein otherwise provided for be governed by the law regulating civil actions." (R. S. 62-2308.)

The law regulating civil actions contains the following provision:

"The court or judge may, before or after judgment, in furtherance of justice and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of the party, or a mistake in any other respect, . . . when such amendment does not change substantially the claim or defense. . . ." (R. S. 60-759.)

In this instance, failure to complete the title by addition of the proper words was doubtless an oversight. Whether oversight or error of judgment, the omission constituted a mistake in the name of the party plaintiff, within the meaning of the civil code. The amendment had nothing to do with the claim or defense, and because the merits were not affected, trial and judgment were not barred by the statute of limitations.

The judgment of the district court is affirmed.